FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSE MCKAY,<br><br>   Petitioner,<br><br>  v.<br><br>THE STATE OF WASHINGTON, by and through Director Michael Sparber, Director of Detention Services, Spokane County and its Attorney General, Bob Ferguson,<br><br>   Respondent. | 2:21-CV-00256-SAB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** |

  Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Motion for Discovery Under 28 U.S.C. § 2246, ECF No. 1. Petitioner is represented by Nicolas V. Vieth and Justin P. Lonergan. The State of Washington is represented by John Samson. Spokane County is represented by Richard Sterett.

  In his Petition, Petitioner asks the Court to order Respondents to return Petitioner to federal authorities for the purpose of serving his previously adjudged federal sentence. He asserts that the continued detention on the pending state charges violate the Due Process and Equal Protection guarantees of the Fourteenth Amendment.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** ~ 1

Here, the Court finds that on the face of the Petition, Petitioner is not entitled to the writ as a matter of law.

## Background Facts

In 2019, Petitioner was charged in the Eastern District of Washington with Assault Resulting in Serious Bodily Injury in Indian Country. He was arrested on September 17, 2019, and was ordered detained at Spokane County Jail, in Spokane, Washington, under the jurisdiction of the U.S. Marshals Service. While detained, and before his federal proceedings were completed, Petitioner was accused of sexually assaulting his cellmate. The alleged assault took place in January 2020.

On February 10, 2020, the State of Washington filed an information against Petitioner charging him with second-degree rape. On February 26, 2020, the State moved for a bench warrant on the grounds that Petitioner "violated the terms and conditions of his release pending trial for the crimes of Second Degree Rape."[1] The Spokane County Superior Court granted the State's request for a bench warrant and denied Petitioner bail.

In March 2020, the United States filed a superseding information charging Petitioner with sexual abuse, based on the January 2020 allegations. In July 2020, Petitioner entered into a plea agreement in which the United States agreed to dismiss the sexual abuse charge.

The sentencing hearing took place in late October 2020. Judge Robert H. Whaley sentenced Petitioner to 120 months confinement. The Judgment ordered that Petitioner be "remanded to the custody of the United States Marshal" and

---

[1] Petitioner asserts the reason for the warrant was because he did not show up for the arraignment hearing, notwithstanding the fact that the jail authorities had brought him to the court's holding area to await his case being called, but then never brought him into the courtroom.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** ~ 2

"hereby committed to the custody of the United States Bureau of Prisons." Petitioner was returned to Spokane County Jail pending his transfer to a Bureau of Prisons facility.

Shortly thereafter, Spokane County reached out to Ms. Debbi Anderson, who works for the U.S. Marshals Service, regarding its pending request that Petitioner be returned to state court after the sentencing in federal court took place. Ms. Anderson indicated the U.S. Marshals Service would honor the State's writ of ad prosequendum once a certified copy was provided. Mr. Richard Barker, the Assistant United States Attorney who prosecuted Petitioner, was also notified of the writ, and he indicated the United States would honor the state's writ of habeas corpus ad prosequendum.

On October 30, 2020, the State applied *ex parte* for a writ of habeas corpus ad prosequendum from the Spokane County Superior Court. Neither Petitioner nor his attorney received notice of the hearing. The Superior Court granted the State's *ex parte* Petition and directed the U.S. Marshals Service to produce Petitioner for trial on the State charge. After the filing of the writ of habeas corpus ad prosequendum, Petitioner was brought before the state court and detained. He was arraigned on November 17, 2020. Trial was set but it has been continued several times.

Petitioner states that the Bureau of Prisons has not completed the designation process. He asserts that he has been on pretrial custody for over 700 days, during which time he has received limited and sporadic medical and mental health care from Spokane County, no access to programming, and no determination as to his eventual release date.

## Legal Standards

### A.    28 U.S.C. § 2241

Petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 ~ 3**

*Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Pursuant to section 2241, a district court is authorized to entertain the habeas petition of any individual who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, "the general grant of habeas authority in [section 2241] is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment [such as] a defendant in pre-trial detention[.]." *Stow v. Murashige,* 389 F.3d 880, 886 (9th Cir. 2004); *Hoyle v. Ada Cty.*, 501 F.3d 1053, 1058 (9th Cir. 2007) (holding that section 2241 is an appropriate means by which a pretrial detainee may challenge his or her detention).

Where a habeas petition challenges pretrial detention under section 2241, the Court reviews the state court's factual findings with a presumption of correctness and reviews legal conclusions *de novo*. *Hoyle*, 501 F.3d at 1058–59. Unless the petition reveals on its face that as a matter of law the petitioner is not entitled to the writ, the writ or an order to show cause must issue. 28 U.S.C. § 2243; *Wright v. Dickson*, 336 F.2d 878, 881 (9th Cir. 1964).

**B.    Writ**

Washington courts have recognized that the issuance of a writ of habeas corpus ad prosequendum is the common practice for obtaining a prisoner from federal authorities. *Matter of Harris*, 38 Wash. App 684, 686 (1984); *see also Smith v Hooey*, 393 U.S. 374, 381 n.13 (1969). "[I]t has been long that the United States may consent to the exercise of state jurisdiction over a federal prisoner." *Harris*, 38 Wash. App. at 686 (citing *Ponzi v. Fessenden*, 258 U.S. 254 (1922)). As such, "[t]he decision to allow the state authorities to try a federal prisoner belongs to the federal government, and the defendant has no right to a hearing on the transfer nor can he complain about it." *Id.* (citations omitted). The transfer from federal to state authorities is presumed to be authorized absent a showing to the contrary. *Id.* (citation omitted). Federal and Washington state courts have held that an illegal arrest or detention does not invalidate an otherwise valid conviction even

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** ~ 4

where the seizure of the defendant violates state or federal law. *Id.* at 687 (collecting cases).

The concept of primary jurisdiction was established by the U.S. Supreme Court when it acknowledged the need for comity between state and federal authorities with respect to managing defendants who are subject to both state and federal criminal prosecutions and sentences. *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018).

As a general rule, the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration. *Thomas v. Brewer*, 923 F.2d 1361, 1364 (9th Cir. 1991). The sovereign with primary jurisdiction can consent to the defendant's transfer to another sovereign for trial or other proceedings. *Ponzi*, 258 U.S. at 261. Such a decision is vested "solely to the discretion of the sovereignty making it," acting through "its representatives with power to grant it." *Id.* at 260. In the federal system, for example, a "transfer of a federal prisoner to a state court for such purposes" may be "exercised with the consent of the Attorney General." *Id.* at 261–62.

When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum, he is considered to be "on loan." *Id.* Notably, in *Thomas*, the defendant was first in state custody, then writted out to federal custody, and then returned to state custody after sentencing. The Ninth Circuit explained:

> When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be "on loan" to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner does not alter that "borrowed" status, transforming a state prisoner into a federal prisoner.

*Id.* at 1367 (quotation omitted).

### C. *Younger* Abstention Doctrine

Generally speaking, the *Younger* abstention doctrine forbids federal courts

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 ~ 5**

from enjoining pending state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *see also Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982) (stating that *Younger* "and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances"). The Ninth Circuit has held that abstention is appropriate when: (1) the state judicial proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise constitutional challenges; and (4) the relief requested "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceedings. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018). Where all elements are met, a district court must abstain from hearing the case and dismiss the action. *See Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988) (stating that "[w]here Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended … [because] Younger abstention requires dismissal of the federal action") However, even where *Younger* abstention is appropriate, "federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Arevalo,* 882 F.3d at 765–66.

### D. Exhaustion of Remedies

As a "prudential matter," federal prisoners are generally required to exhaust available administrative remedies before bringing a habeas petition pursuant to 28 U.S.C. § 2241. *Huang v. Ashcroft*, 390 F.3d 1118, 1123 (9th Cir. 2004) (citation omitted). The exhaustion requirement as applied to § 2241 petitions is judicially created, rather than a statutory requirement; thus, a failure to exhaust does not deprive a court of jurisdiction over the controversy. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds*, *Reno v. Koray*, 515 U.S. 50, 54–55 (1995). If a petitioner has not properly exhausted his or her claims, a district

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** ~ 6

court in its discretion may either excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust their administrative remedies before proceeding in court. *Brown*, 895 F.2d at 535. Exhaustion may be excused if the administrative remedies are inadequate or ineffective, or if attempting to exhaust would be futile or would cause irreparable injury. *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993); *United Farm Workers of America v. Arizona Agr. Emp. Rel. Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982). Factors weighing in favor of requiring exhaustion include whether 1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; 2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and 3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 880–81 (9th Cir. 2003).

Because the failure to exhaust administrative remedies is properly treated as a curable defect, it should generally result in a dismissal without prejudice. *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009).

### E.   Analysis

Petitioner has not shown he is entitled to habeas relief for three reasons.

First, Petitioner has not challenged the legality of the state's writ of habeas corpus ad prosequendum. As such, the Court presumes the transfer of Petitioner from federal to state custody is valid. Consequently, Petitioner is properly on loan to state authorities and this Court does not have authority to order the return of Petitioner to federal custody.

Second, the Court abstains from exercising its jurisdiction over this manner pursuant to the *Younger* doctrine. The state judicial proceedings are ongoing; the proceedings implicate important state interests; the state proceedings provide an adequate opportunity to raise constitutional challenges; and the relief requested "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state

judicial proceedings. Petitioner has not alleged bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.

Finally, Petitioner has failed to exhaust his administrative remedies with the state court and this Court declines to hear his Petition until he does so.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Motion for Discovery Under 28 U.S.C. § 2246, ECF No. 1, is **DENIED without prejudice**.

2. Pursuant to 28 U.S.C. § 2553(c), the Court denies a certificate of appealability. Defendant has not made a substantial showing that he is entitled to habeas relief.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and provide copies to counsel.

**DATED** this 10th day of January 2022.

						_____
						Stanley A. Bastian
						Chief United States District Judge

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** ~ 8